# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| ROSCOE CHAMBERS, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO. 3:18-cv-01207 |
| v. | (MARIANI, J.) |
| | (SAPORITO, M.J.) |
| WARDEN DAVID J. EBBERT, et al., | |
| Defendants. | Per MS |

## MEMORANDUM

This is a *pro se* prisoner civil rights action. The plaintiff, Roscoe Chambers, asserts an excessive use of force claim against the defendants pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The individual defendants are all federal employees. On December 3, 2018, the United States appeared through counsel to request an extension of time for the individual defendants to respond to the complaint. (Doc. 15). In its motion, the United States represented that the individual defendants had formally requested representation by the United States Department of Justice (the "DOJ") under 28 C.F.R. § 50.15, but the administrative process for approving such representation was not

yet complete. (*Id.*). The United States requested a sixty-day extension for the defendants to respond while the DOJ completes the administrative process for reviewing the requests for representation. (*Id.*). On December 4, 2018, we granted the requested extension. (Doc. 16).

On December 14, 2018, the Court received and filed two documents from the *pro se* plaintiff: (a) an "Objection to Magistrate Judge Order Granting Defendants Enlargement of Time," which the Clerk has docketed as a motion for reconsideration (Doc. 18); and (b) a "Brief in Support of Motion to Objection (*sic*) to Magistrate Judge Order Granting Defendants Enlargement of Time" (Doc. 19).

### A. Construed as a motion for reconsideration

The plaintiff's *pro se* papers have been construed by the Clerk as a motion for reconsideration. A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law

or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

Here, the plaintiff appears to rely on the third basis for reconsideration, arguing that it was clear error for us to grant the defendants an extension of time based on a motion by the United States because the filing attorney, an assistant United States attorney, has not yet been authorized to represent the individual defendants under 28 C.F.R. § 50.15. But the federal rules do not require a formal motion for us to grant an extension before time for completing some act has expired—indeed, we may do so on our own initiative, without any such request. *See* Fed. R. Civ. P. 6(b)(1)(A). The status of the defendants' legal representation and how the need for an extension was brought to our attention is simply not relevant. We find no clear error in our prior ruling.

### B. Construed as a Rule 72(a) objection

Notwithstanding the Clerk's characterization of the plaintiff's *pro*

*se* papers as a motion for reconsideration, we find that it is more properly construed as an objection to our Order of December 4, 2018, granting the defendants an extension of time. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [non-dispositive] order [of a magistrate judge] within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). Because the docket does not reflect this construction of the *pro se* plaintiff's papers as an objection to our non-dispositive order, we will order the Clerk to re-docket it as an "Appeal of Magistrate Judge Decision to District Court" with respect to our Order granting the defendants an extension of time to answer the complaint.

### C. Construed as a motion for recusal

In addition, we find that the plaintiff's *pro se* papers may be liberally construed as a motion for recusal of the undersigned magistrate judge, which is properly before us, rather than the district judge, in the

first instance. *See generally Mala*, 704 F.3d at 244–46. In particular, the plaintiff's "objection" (Doc. 18) states that he "did not consent to the exercise of jurisdiction by a United States magistrate judge," that he "ask[s] the clerk not to have the following Magistrate Judge Saporito attached to [his] case," and that our recusal is required due to an alleged personal bias against the plaintiff.

### *1. Lack of consent to magistrate judge authority*

The Federal Magistrates Act permits magistrate judges to perform a variety of functions on behalf of a district court. *See generally* 28 U.S.C. § 636; Fed. R. Civ. P. 72.

Under § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," except for certain types of dispositive order (*i.e.*, orders that would dispose of the case or certain claims for relief) expressly listed in § 636(b)(1)(A). *See Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 438 (3d Cir. 2005) ("The Magistrates Act authorizes district courts to appoint magistrate judges to consider pretrial matters without regard to the parties' consent."); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) ("[I]n general, a magistrate judge, without the consent of the parties, has the power to enter orders

which do not dispose of the case."). The challenged order entered by the undersigned in this case concerns a non-dispositive pretrial matter—an extension of time for the defendants to answer the complaint. Thus, the plaintiff's consent was not required.

Under § 636(b)(1)(B), a magistrate judge is authorized "to conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a matter, again without the consent of the parties. *See McArdle v. Verizon Commc'ns, Inc.*, 567 Fed. App'x 116, 118 n.5 (3d Cir. 2014); *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). With respect to a magistrate judge's proposed findings and recommendations on dispositive matters, "[u]nless the district court accepts those findings and recommendations, they do not have the force of law." *Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 Fed. App'x 194, 199 (3d Cir. 2012). After service of proposed findings and recommendations by a magistrate judge, a party may file written objections, which are considered *de novo* by the district judge in determining whether to accept or reject the magistrate judge's proposed findings and recommendations. *See* § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Shell's Disposal*, 504 Fed. App'x

at 199 (summarizing objection procedures). If the undersigned should address any dispositive matter in the future—*e.g.*, the dismissal of the action—it will be through a report and recommendation, not an order. In that case, the plaintiff's consent is also not required.

"Consent is relevant when a magistrate judge rules on a dispositive pretrial motion, conducts trial proceedings, or enters a final judgment in a case." *Shell's Disposal*, 504 Fed. App'x at 200 n.8. When parties provide consent, a magistrate judge is vested with plenary authority under § 636(c), permitting him or her "to conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." *See id.* at 199 n.7; *Reynaga v. Cammisa*, 971 F.2d 414, 416 n.2 (9th Cir. 1992); *see also* 28 U.S.C § 636(c)(3) (providing for direct appeal to the appropriate United States court of appeals from the judgment of a magistrate judge in a consent case). Here, the plaintiff has declined to consent to the exercise of plenary authority by a magistrate judge under § 636(c), so the undersigned lacks the authority to enter an order of dismissal. We have not done so. Instead, we have merely entered a non-dispositive pretrial order, pursuant to § 636(b)(1). Thus, the plaintiff's objection to the undersigned's participation in this case because he did

not consent to it has no merit.

## 2. *Alleged bias of the undersigned magistrate judge*

The plaintiff also argues that the undersigned magistrate judge must be recused due to an alleged personal bias against the plaintiff.

Under 28 U.S.C. § 455(a), a magistrate judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(b), a magistrate judge is further required to disqualify himself where he "has personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[1] Both of these statutory provisions require the existence of *extrajudicial* bias to mandate recusal or disqualification. *See Liteky v. United States*, 510 U.S. 540, 543–56 (1994); *Johnson v. Trueblood*, 629 F.2d 287, 290–91 (3d Cir. 1980); *Resident Advisory Bd. v. Rizzo*, 510 F. Supp. 793, 796–97 (E.D. Pa. 1981). "'Extrajudicial bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of proceedings." *Johnson*, 629 F.2d at 291; *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and

---

[1] § 455(b) also lists several other grounds for disqualification (e.g., prior participation as counsel in the same matter before taking the bench) that have no bearing on this case.

prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); *United States v. Gilboy*, 162 F. Supp. 384, 393–94 (M.D. Pa. 1958) (alleged bias must be personal and extrajudicial, not arising solely on the basis of court proceedings). "[A] party's displeasure with legal rulings does not form an adequate basis for recusal . . . ." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

The only ground for recusal or disqualification advanced by the plaintiff in his objection is a single adverse ruling he has received in this case—an order granting the defendants an extension of time to answer the complaint. No extrajudicial bias whatsoever is alleged. Thus, the plaintiff's motion for our recusal for personal bias has no merit.

An appropriate Order follows.

Dated: December 18, 2018

*Joseph F. Saporito Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge