## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROSCOE CHAMBERS,

    Plaintiff,

    v.

WARDEN DAVID J. EBBERT,
et al.,

    Defendants.

CIVIL ACTION NO. 3:18-cv-01207

(MARIANI, J.)
(SAPORITO, M.J.)

2019

m5

## **MEMORANDUM**

This matter comes before the Court on the plaintiff's motion for summary judgment. (Doc. 33; *see also* Doc. 34). In his motion papers, the *pro se* plaintiff argues that he is entitled to summary judgment because the defendants have failed to timely answer or otherwise respond to his complaint.

The several defendants in action are prison officials employed by the Federal Bureau of Prisons, a component of the United States Department of Justice. The defendants each returned an executed waiver of service, and their answers to the complaint were originally due to be filed on or before December 3, 2018. On that date, the United States appeared and filed a motion requesting an extension of time on behalf of

the individual defendants. (Doc. 15). The United States noted that the defendants had requested representation by the Civil Division of the United States Department of Justice, pursuant to 28 C.F.R. § 50.15, but the process for obtaining approval for such representation was not yet complete. (*Id.*). On December 4, 2018, we granted the defendants an extension until February 4, 2018, to respond to the complaint. (Doc. 16). The plaintiff has appealed that order to the presiding district judge. (Doc. 22).

On December 21, 2018, the United States filed a second motion, this time requesting that the plaintiff's *in forma pauperis* status be revoked pursuant to 28 U.S.C. § 1915(g). (Doc. 24; *see also* Doc. 25). That motion remains pending.

Together with the motion to revoke *in forma pauperis* status, the United States filed a motion to stay all other activity in this case pending resolution of the motion to revoke. (Doc. 26; *see also* Doc. 27). On December 26, 2018, we granted the motion and stayed all other activity in this case pending resolution of the motion to revoke. (Doc. 28).

On January 11, 2019, the Court received and filed that plaintiff's motion for summary judgment. (Doc. 33; *see also* Doc. 34). In his motion

papers, the plaintiff has not asserted, much less shown, that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law on the merits of his claims. *See* Fed. R. Civ. P. 56(a). Rather, his motion papers recount only the procedural history of this case, asserting that he is entitled to judgment by default due to the defendants' failure to timely respond to the complaint. (*See* Doc. 33; Doc. 34). As he views it, the United States had no authority to appear and move for an extension, thus our subsequent granting to the non-appearing defendants of an extension of time to answer is likewise *ultra vires. (See id.).*

Pursuant to the Court's inherent power to manage its docket, the plaintiff's *pro se* motion for summary judgment (Doc. 33) shall be struck from the record as prematurely filed, without prejudice to the plaintiff's right to file an appropriate motion for summary judgment after discovery is complete. *See Wild Fish Conservancy v. Nat'l Park Serv.*, No. C12-5109, 2012 WL 6615925, at *4 (W.D. Wash. Dec. 19, 2012) ("Premature summary judgment motions are generally disfavored."); *Rios v. Tilton*, No. 2:07-CV-0790, 2010 WL 3784703, at *2 (E.D. Cal. Sept. 24, 2010) (magistrate judge struck premature summary judgment motion without

prejudice to refiling after close of discovery).

Notwithstanding our obligation to liberally construe the submissions of imprisoned pro se litigants, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants), we decline to construe the plaintiff's motion as a motion for entry of default judgment. The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Under subsection (a) of that rule, the Clerk of Court is instructed to enter a *default* against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "Entry of a default is a prerequisite to entry of a *default judgment* under Rule 55(b)." *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (emphasis in original); *see also Enigwe v. Gainey*, Civil. Action No. 10-684, 2012 WL 213510, at *2 (E.D. Pa. Jan. 23, 2012) ("[A] default judgment under Rule 55(b) must be preceded by entry of a *default* under Rule 55(a).") (emphasis in original). A default has not been entered against any of the defendants in this case. Therefore, a motion for default judgment would likewise be premature

and improperly filed. *See Enigwe*, 2012 WL 213510, at *2; *Han*, 105 F.R.D. at 74.

We further decline to construe the plaintiff's motion as a motion for entry of default under Rule 55(a). *See generally Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 656 n.5 (M.D. Pa. 2007) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well.") (quoting *Han*, 105 F.R.D. at 74 n.1); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917–19 (3d Cir. 1992). Here, the defendants have waived service. Although they have not yet appeared through counsel, the United States has appeared and advised the Court that the defendants have requested representation by the Department of Justice under 28 C.F.R. § 50.15, but that the bureaucratic process for obtaining formal approval of that representation has not yet been completed. Based on this representation, we have granted the defendants an extension of time to respond to the complaint. Thus, contrary to the plaintiff's assertions, the defendants' obligation to answer the complaint has not yet ripened. Moreover, we are disinclined to enter default because it is clear that the defendants intend to appear and fully contest this action as soon as approval under 28

C.F.R. § 50.15 is obtained. *See Lee v. Bhd. of Maint. of Way Emps.*, 139 F.R.D. 376, 381 (D. Minn. 1991) ("Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits."); *accord Kocenko v. Buskirk*, 56 F.R.D. 14, 16 (E.D. Pa. 1972); *see also Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966) (trial on merits preferred to judgment by default).

An appropriate Order follows.

Dated: January __14__, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge